## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DORIS A. J.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 20-CV-1353-JAR** |
| **KILOLO KIJAKAZI, Commissioner of Social Security** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security denying Plaintiff's application for disability and disability insurance benefits under Title II of the Social Security Act.  Plaintiff alleges that the Administrative Law Judge ("ALJ") erred in determining Plaintiff's residual functioning capacity ("RFC") because the RFC did not account for Plaintiff's frequent need for unscheduled breaks and failed to include Plaintiff's mild mental limitations.  Thus, Plaintiff contends, the decision is not supported by substantial evidence.  Because the Court concludes that the Commissioner's findings are supported by substantial evidence, the Court affirms the Commissioner's decision.

### I.    Procedural History

On April 24, 2018, Plaintiff applied for a period of disability and disability insurance benefits.  She alleged a disability onset date of March 10, 2015.[1]  Plaintiff's applications were denied initially and upon reconsideration.  She then asked for a hearing before an ALJ.

---

[1] During Plaintiff's hearing with the ALJ, she amended her onset date to March 11, 2016.

After a hearing on January 27, 2020, the ALJ issued a written decision on March 19, 2020, finding that Plaintiff was not disabled.  Given the unfavorable result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council.  Plaintiff's request for review was denied in October 2020.  Accordingly, the ALJ's March 2020 decision became the final decision of the Commissioner.

Plaintiff filed a Complaint in the United States District Court for the District of Kansas. She seeks reversal of the ALJ's decision and remand of the case for further consideration.  Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.     Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards.[2]  The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3]  In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.[4]

## III.    Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[5]

---

[2] *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015).

[3] *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Hum. Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Id.*

[5] 42 U.S.C. §§ 423(d)(2)(A), 416(i)(1)(a).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .[6]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[7]  The steps are designed to be followed in order.  If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability, (2) whether the claimant has a severe impairment, or combination of severe impairments, and (3) whether the severity of those impairments meets or equals a designated list of impairments.[9]  "If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's RFC, which is [the claimant's] ability to do physical and mental work activities on a sustained basis despite limitations from [his] impairments."[10]

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform her past relevant work or whether she can generally perform other work that exists in the national

---

[6] *Id*. § 423(d)(2)(A).

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[8] *Barkley v. Astrue*, Case No. 09-1163-JTM, 2010 WL 3001753, at *2 (D. Kan. Jul. 28, 2010).

[9] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (first quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005); and then quoting *Williams v. Brown*, 844 F.2d 748, 751 (10th Cir. 1988)); *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[10] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

economy, respectively.[11]  The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[12]  The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[13]

In this case, the ALJ determined at step one that Plaintiff had engaged in substantial gainful activity during the period of the alleged onset date of March 10, 2015 through March 11, 2016.  Accordingly, during the hearing, Plaintiff, through counsel, changed her onset date to March 11, 2016.  The ALJ then determined that there had been a continuous 12- month period during which Plaintiff did not engage in substantial gainful activity.  She determined at step two that Plaintiff had the following severe impairments: short bowel syndrome, enteritis due to radiation, and incisional hernia.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  Continuing, she determined that Plaintiff had the RFC to

> perform a range of light work as defined in 20 CFR 404.1567(b).  The claimant can lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently; can stand or walk in combination for 6 hours in an 8-hour workday with normal breaks; and can sit for 6 hours in an 8-hour workday with normal breaks.  The claimant can frequently climb ramps and stairs; may not climb ladders, ropes or scaffolds; and can occasionally stoop, kneel, crouch and crawl.  The claimant must avoid more than occasional exposure to vibration and hazards including unprotected heights and machinery with exposed moving mechanical parts.[14]

---

[11] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[12] *Lax*, 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005)).

[13] *Id*. (quoting *Hackett*, 395 F.3d at 1171).

[14] Doc. 14 at 19.

The ALJ determined at step four that Plaintiff was capable of performing past relevant work as a teacher's aide and cosmetologist/hair stylist.  In addition, after considering Plaintiff's age, education, work experience, and RFC, she determined in an alternative step five analysis that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy.  Thus, the ALJ concluded that Plaintiff had not been under a disability from March 10, 2015 through the date of her decision.

## IV.   Discussion

Plaintiff asserts that the ALJ's RFC finding is not supported by substantial evidence because the ALJ did not account for Plaintiff's frequent need for unscheduled breaks.  Plaintiff contends that the evidence demonstrates that she has gastrointestinal issues that severely impair her day-to-day activities.  For example, she asserts that she testified that she had to use the bathroom approximately 15 to 20 times a day, her treating physician (Dr. Steere) opined that Plaintiff needed bathroom breaks two to three times an hour, and one of the state agency consultants opined that Plaintiff required bathroom breaks as needed and must work close to a bathroom.  Plaintiff also contends that the record supports her need for breaks due to vomiting.

The Commissioner contends that the ALJ based her findings on the record as a whole and considered the inconsistencies in Plaintiff's allegations.  In addition, the Commissioner states that the ALJ determined that Plaintiff's gastrointestinal issues were controlled with medication. Finally, the Commissioner asserts that the ALJ properly considered the medical findings and opinions regarding Plaintiff's gastrointestinal issues.

Here, the ALJ's RFC finding included normal breaks in Plaintiff's workday.  In reviewing the evidence, the ALJ found that Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and

other evidence.  Specifically, the ALJ noted that the medical evidence, including reports made by Plaintiff to her medical providers, was not consistent with her testimony as to the frequency of her bathroom usage and recurring vomiting.  The ALJ thoroughly went through the evidence and noted that both Plaintiff and her physician stated that anti-diarrheal medications helped control her symptoms.  Adjustments to her medication regimen continued to be effective and helped continue Plaintiff's weight stabilization.  The ALJ noted that Plaintiff did continue to have occasional flares, but that Plaintiff's physician's notes indicated that they were very manageable.  Thus, the ALJ's RFC finding included normal bathroom breaks.

As to the medical opinions, Plaintiff asserts that the ALJ should have found the opinions of Dr. Steere (her treating physician) and Dr. Hughes (a state agency consultant) more persuasive.  The ALJ determined that Dr. Steere's opinion was not persuasive.  The ALJ thoroughly discussed Dr. Steere's opinion and found her findings inconsistent with the entirety of the medical evidence.  The ALJ specifically discussed Dr. Steere's opinion as to Plaintiff's need for bathroom breaks and Plaintiff's vomiting.  Ultimately, the ALJ found that the evidence showed that Plaintiff's bowel issues showed significant improvement with medicine thus negating the need for frequent bathroom breaks.  She also found that there was little to no evidence of Plaintiff's vomiting after Plaintiff's last operation.  And the ALJ noted that Dr. Steere's records showed the Plaintiff's weight climbed consistently over six years.  Finally, the ALJ noted that Dr. Steere did not provide evidentiary support for the finding that Plaintiff would miss more than four days a month of work.  Thus, the ALJ's treatment of Dr. Steere's opinion is supported by the record.

In addition, Plaintiff contends that the ALJ should have found Dr. Hughes' opinion more persuasive because he opined that Plaintiff must work near a bathroom and should take bathroom

breaks as needed.  The ALJ found Dr. Hughes' opinion persuasive as to exertional limitations but not persuasive as to other limitations.  Specifically, the ALJ noted Dr. Hughes' opinion about bathroom breaks and again found that it was not consistent with the evidence, citing to numerous exhibits in the record that showed Plaintiff's "restroom issues [were] generally controlled with medication."[15]  Thus, the ALJ articulated her reasons, for finding Dr. Hughes' opinion unpersuasive on that issue, and she cited record evidence in support of that finding.

Plaintiff also asserts that the ALJ did not include Plaintiff's mild mental limitations in her RFC finding despite recognizing at step two that Plaintiff had mild limitations in her ability to concentrate, persist, and maintain pace, and in her ability to interact with others.  The Commissioner contends that Plaintiff did not have sufficient difficulty with her mental functioning to warrant additional restrictions in her RFC finding and that Plaintiff does not identify either legal or factual error.  The Court agrees.  As the Commissioner notes, the Tenth Circuit has found that even though an ALJ makes a finding regarding the "B criteria" at step two, this limitation does not necessarily need to be included in the claimant's RFC.[16]  Here, the ALJ specifically stated that she considered Plaintiff's mild mental limitations and ultimately concluded that they did not warrant additional work-related restrictions.

In this case, Plaintiff asks the Court to reweigh the evidence.  It is the ALJ's job to weigh the evidence and resolve any conflicts.[17]  The Court will not reweigh the evidence and substitute its judgment for the Commissioner even if there are two conflicting views.[18]  Only if substantial

---

[15] Doc. 14 at 22.

[16] *See Beasley v. Colvin*, 520 F. App'x 748, 754 & n.3 (10th Cir. 2013).

[17] *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016).

[18] *Id.*; *see also Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

evidence does not support the Commissioner's decision will the Court reverse.[19]  Here, the ALJ's

reasons are sufficiently stated in the record and supported by substantial evidence.

## V.      Conclusion

The ALJ's RFC determination is supported by substantial evidence.  Plaintiff has not

shown that the ALJ's decision is inconsistent with the Social Security Act, regulations, and

applicable case law.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's decision denying

Plaintiff disability benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: January 3, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[19] *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Hum. Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).